ENTERTAINMENT PUBLICATIONS, INC., a Michigan corporation
Plaintiff–Appellee,

v.

Gary RAVET, an individual; Promark Inc., a California corporation
Defendants–Appellants.

Promark Inc., a California corporation; Ravet Enterprises, a California corporation; Gary K. Ravet, a California resident Plaintiffs–Appellants,

v.

Entertainment Publication Inc., a Michigan corporation; Alan Bittker, a Michigan resident; Marianne Roberge, a Michigan resident; Angela Hribar, a Michigan resident; Marsha Katz Eisenberg, a Michigan resident; Jeanne Chapman; Richard Wolf, a New Jersey resident Defendants–Appellees.

Nos. 99–56801, 99–56817.
D.C. Nos. CV–98–2306 TW (RBB),
CV–99–1081 TW (RBB).

United States Court of Appeals,
Ninth Circuit.

Submitted April 5, 2001.*

Decided April 17, 2001.

---

* The panel is of the unanimous opinion that this case is suitable for disposition without oral argument. Fed. R.App. P. 34(a)(2).

Before BOOCHEVER, SILVERMAN, Circuit Judges, and GEORGE,** District Judge.

** The Honorable Lloyd D. George, Senior United States District Judge for the District of Nevada, sitting by designation.

## MEMORANDUM ***

In this consolidated appeal, appellants Gary Ravet and his corporation, Promark Inc., appeal the district court's orders affirming the arbitration awards and terminating the related cases. Because the parties are familiar with the facts, we will not set them out in detail. This court has jurisdiction to review the district court's final orders under 28 U.S.C. § 1291, and we affirm.

On appeal, appellants contend that the district court erred in affirming the arbitration awards because the arbitrator exceeded his authority by deciding issues outside the scope of the parties' settlement agreement. We disagree. Consistent with the strong public policy favoring arbitration, this court will not disturb an arbitration order so long as the arbitrator "even arguably constru[ed] or appl[ied] the contract and act[ed] within the scope of his authority." *Pacific Reinsurance v. Ohio Reinsurance,* 935 F.2d 1019, 1024 (9th Cir. 1991). While appellants disagree with several of the arbitrator's determinations, they offer no evidence demonstrating that the arbitrator exceeded his broad authority. Accordingly, their claim fails.

Appellants also argue that the arbitrator was biased and therefore denied them a full and fair opportunity to advance their claims. However, appellants have failed to produce specific facts demonstrating the arbitrator's bias. *See Arizona Elec. Power Co-op. v. Berkeley,* 59 F.3d 988, 993 (9th Cir.1995). Although the arbitrator expressed disappointment with Ravet's conduct during this litigation, the arbitrator's criticism was not unwarranted nor did it rise to the level of personal animus. *See Air–Sea Forwarders, Inc. v.*

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

*Air Asia Co.,* 880 F.2d 176, 191 (9th Cir. 1989). Indeed, the record reflects that the arbitrator showed remarkable impartiality, even in the midst of Ravet's personal attacks.

■ Appellee EPI requests sanctions under 28 U.S.C. §§ 1912, 1917 and Federal Rule of Appellate Procedure 38. We agree that appellants, failing to recognize our very limited review of arbitration awards, have advanced a meritless challenge to the district court's orders. *See Rostad & Rostad Corp. v. Investment Management & Research,* 923 F.2d 694, 696–97 (9th Cir.1991). Accordingly, we award EPI its reasonable attorneys' fees and costs associated with this appeal.

AFFIRMED.